IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Justin D. Brown, ) | Case No.: 0:23-cv-4859-JD |
| Petitioner, ) | |
| vs. ) | **ORDER AND OPINION** |
| State of South Carolina, ) | |
| Respondent. ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 14.) Petitioner Justin D. Brown ("Petitioner" or "Brown"), proceeding *pro se*, filed a Petition for habeas corpus relief action under 28 U.S.C. § 2241 against Respondent State of South Carolina ("Respondent") seeking to have his state charges dismissed with prejudice due to alleged violations of his constitutional rights stemming from his public defender's representation of him and because he was denied bond. (DE 1, pp. 7-8.) Further, Petitioner also seeks damages pursuant to 42 U.S.C. § 1983 for these constitutional violations. (*Id.*)

The Report was issued on October 27, 2023, recommending the Petition be dismissed without prejudice and without requiring the Respondent to file a return because in *Younger v. Harris*, 401 U.S. 37 (1971), "the Supreme Court plainly declared that federal court equitable

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

interference with state criminal proceedings should not be undertaken except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996).

On November 30, 2023, Petitioner objected to the Report. (DE 21.) However, to be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." *Tyler v. Wates*, 84 F. App'x 289, 290 (4th Cir. 2003). Absent specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Petitioner purports to raise four objections; however, each objection does not address the legal basis for which the Report recommends dismissal. For example, Petitioner states as Objection 1, "I request under Case *Younger v. Harris*, 401 U.S. 37 (1971) to have a Federal district Court Enjoin a County district attorney from prosecuting I the Petitioner as stated as it is unconstitutional under California Criminal Syndicalism Act as it inhibits Petitioner from exercising my right of freedom of speech violating Petitioners First Amendment Right." (DE 21, p. 1.) The Report ably addressed this point, stating, "Generally, § 2241 cannot be used to prevent a state criminal prosecution, especially where the detainee can raise his claims in the court where

his charges are pending. See Braden v. 30th Jud. Cir. Ct. of Kentucky, 410 U.S. 484, 489 (1973)." (DE 14, p. 3.) And even if habeas relief is available, the Report notes the court should abstain from interfering in Petitioner's state criminal prosecution under *Younger v. Harris*, 401 U.S. 37 (1971). (*Id.*) Therefore, the objection is overruled. Petitioner's second and third objections relate to a statement he alleges his State public defender made to the effect that the outcome of his trial would be different if he had a paid lawyer. (*See* DE 21, p 1.) Petitioner's fourth objection relates to his "appointed drug court lawyer withholding. . . Petitioners hair follicle dated July 17, 2023." (*Id.* at 2.) The Court finds these objections do not address the legal basis for which the Report recommends dismissal, and they are overruled.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Therefore, the Court adopts the Report (DE 14) and incorporates it here by reference.

It is, therefore, **ORDERED** that Brown's Petition is dismissed without prejudice and without requiring Respondent to file a return. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
May 15, 2024

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that she has the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.